■ PHILIP SILVER, Individually and as Limited Partner of New York Metro Company on Behalf of Himself and All other Limited Partners, et al., Respondents, v. CHASE MANHATTAN BANK, Appellant.— Order, Supreme Court, New York County, entered on November 23, 1973, denying defendant's motion to dismiss the complaint herein for failure to state a cause of action, unanimously reversed, on the law, without costs and without disbursements, motion granted and complaint dismissed with leave, however, to plaintiffs to apply at Special Term for permission to replead within 20 days after service of a copy of the order herein with notice of entry. Plaintiff, Silver, sues in his own name and on behalf of all other limited partners of New York Metro Company, a limited partnership which is the sole stockholder of the New York Metro Corp., to recover funds belonging to the corporation which were allegedly improperly paid out by defendant bank. New York Metro Corp. was dissolved on December 15, 1969. Plaintiff does not have a cause of action in his own name and for the benefit of other limited partners, based upon claims belonging to the corporation for wrongs done to the corporation. He may, however, bring a derivative action in the right of the limited partnership (Partnership Law, § 115-a, subd. 1). In such case, in addition to the other requirements of section 115-a, " the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the general partner or partners, or the reasons for not making such effort ". (§ 115-a, subd. 3.) This is similar to the requirement contained in subdivision c of section 626 of the Business Corporation Law, which is applicable to stockholders' derivative actions brought in the right of a corporation to procure judgment in its favor. The present complaint contains no particulars in conformity with either section. It may be that plaintiffs can cure or supply the present deficiencies and, accordingly, leave to apply for permission to replead is granted (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; 25 A D 2d 133). Concur — McGivern, P. J., Markewich, Nunez, Capozzoli and Lane, JJ.