■ In the Matter of JOHN ENGLISH, Petitioner, v HOUSING AND DEVELOPMENT ADMINISTRATION, Respondent.—Determination of the respondent dated January 9, 1973 dismissing petitioner from his position as an employee of the Department of Buildings, Housing and Development Administration, unanimously confirmed, without costs or disbursements. The hearing officer improperly curtailed cross-examination of the principal witness against petitioner. However, confirmation of the result is indicated on the basis of the overwhelming other evidence against petitioner. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.

■ PHILIP SILVER, Individually and as Limited Partner of NEW YORK METRO COMPANY, et al., Respondents, v CHASE MANHATTAN BANK, Appellant.—Order, Supreme Court, New York County, entered April 24, 1975, denying defendant's motion to dismiss the complaint, unanimously modified, on the law, to the extent of dismissing the first cause of action and otherwise affirmed, without costs and without disbursements. In purported compliance with the permission previously granted by us *(Silver v Chase Manhattan Bank,* 44 AD2d 797), and after one unsuccessful attempt, plaintiff served a second amended complaint pleading, in the alternative, a double derivative cause of action in behalf of the corporate plaintiff and a direct action by such company. The difficulty with such position is that a derivative action does not lie where, as here, the corporation elects to sue in its own right. However, dismissal of the derivative cause does not preclude the continuation of the action by the corporation. (Cf. *Albert v Salzman,* 41 AD2d 501, mot for lv to app den 33 NY2d 520.) Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Nunez, JJ.